**David E. LEWIS, Petitioner–Appellant,**

v.

**Michael RANDLE, Warden, Respondent–Appellee.**

No. 00–3216.

United States Court of Appeals, Sixth Circuit.

April 30, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

### ORDER

David E. Lewis, a pro se Ohio prisoner, appeals the district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, a jury found Lewis guilty of raping his stepdaughter. The court sentenced him to a seven to twenty-five year term of imprisonment. Lewis filed a motion for leave to file a motion for a new trial, alleging juror misconduct. The trial court denied the motion. Lewis appealed his conviction and sentence and the denial of his motion for a new trial. The Ohio Court of Appeals affirmed the trial court's decisions, and the Ohio Supreme Court denied review. After unsuccessful motions to reopen his appeal and for post-conviction relief in state court, Lewis filed his present habeas petition in May 1998. The district court denied the petition and denied a certificate of appealability. By order entered March 12, 2001, this court granted Lewis a certificate of appealability on the following claim: whether Lewis was denied his constitutional right to an impartial jury.

In his timely appeal, Lewis argues that: (1) he was denied his right to an impartial jury; and (2) he is actually innocent.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the district court properly rejected Lewis's claim on the basis of procedural default. The district court held that federal review of Lewis's juror misconduct claim was unavailable because the state court relied on an adequate and independent state law ground, and held in the alternative that Lewis committed a further procedural default by not raising the claim in the Ohio Supreme Court. In the light of an opinion rendered by this court after the district court reached its decision, we affirm the district court's alternative holding.

Lewis was prosecuted for the 1978 rape of his then fifteen-year-old stepdaughter. About two months after the jury returned its verdict, Lewis filed a motion for a new trial. He based his claim of juror misconduct on the foreman's affidavit about other jurors' actions. The trial court denied the motion for a new trial, and Lewis appealed. The Ohio Court of Appeals relied on the "aliunde" rule as codified in Ohio R. Evid. 606(B) and held that Lewis could not impeach the jury's verdict without evidence of juror misconduct from a source with firsthand knowledge, other than the jurors themselves. The Ohio Supreme Court dismissed Lewis's appeal without a written opinion.

"[A] federal court may not, absent a showing of either cause and prejudice or a fundamental miscarriage of justice, 'review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Doan v. Brigano*, 237 F.3d 722, 727 (6th Cir.2001) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In *Doan*, this court held that the Ohio Court of Appeals' reliance on Ohio Rule 606(B) to decide a constitutional claim of juror misconduct cannot serve as an adequate and independent basis for the state court's decision. *Doan*, 237 F.3d at 727–29. The respondent argues that *Doan* was wrongly decided and should not be fol-

lowed. A panel of this court may not reverse a prior published decision of another panel. Rule 206(c), Rules of the Sixth Circuit. Accordingly, we rely on the district court's other basis for finding procedural default.

■ We agree with the district court that Lewis procedurally defaulted his claim by failing to present it to the Ohio Supreme Court. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Lewis appealed the denial of his motion for a new trial to the Ohio Court of Appeals but not to the Ohio Supreme Court. Accordingly, he is foreclosed from presenting his claim in federal court unless he can show cause for and prejudice from his procedural default. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

■ The only cause suggested for Lewis's procedural default is ineffective assistance of appellate counsel, but Lewis failed to exhaust that claim. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards v. Carpenter,* 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Lewis presented his claim of ineffective assistance of appellate counsel in a motion to reopen his appeal under Ohio Rule 26(B) in November 1995. The Ohio Court of Appeals held that Lewis's application was untimely and that he presented no good cause for his late filing. Thus, Lewis procedurally defaulted his ineffective assistance of appellate counsel claim and presented no cause to excuse that default. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). Accordingly, he cannot rely on ineffective assistance of appellate counsel to excuse his default of his juror misconduct claim. *See Edwards,* 529 U.S. at 453, 120 S.Ct. 1587. Lewis's failure to establish cause to excuse his default eliminates the need to consider prejudice. *See Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ Finally, we agree with the district court that Lewis is not entitled to have his claim reviewed under the actual innocence exception. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray,* 477 U.S. at 495–96, 106 S.Ct. 2639. Lewis has presented no new evidence that he is innocent.

Lewis procedurally defaulted his claim of juror misconduct, presented no cause for the procedural default, and produced no new evidence that he is actually innocent. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.